J. B. KEMMERER, Appellant, v. E. H. OWENS *et al.*

REFORMATION OF DEED. Evidence made up of alleged declarations of seller, held insufficient to correct deed so as to convey more land.

*Appeal from Jones District Court.*—HON. J. H. PRESTON, Judge.

WEDNESDAY, OCTOBER 3, 1894.

ACTION for the specific performance of an alleged agreement for the conveyance of real estate. There was a hearing on the merits, and a decree in favor of the defendants. The plaintiff appeals.—*Affirmed.*

*Welch & Welch* for appellant.

*Johnson & Kelsey* for appellees.

ROBINSON, J.—In December, 1891, the defendant Mrs. E. H. Owens, was the owner of two contiguous lots in the town of Monticello. They were of irregular shape, and fronted westward on Angle street. Upon the south lot, known in the record as the "Chamberlain Lot," there was a dwelling house and a chicken coop. A pig pen was built against the north side of the coop, and projected a short distance onto the north lot, also known as the "Eastman Lot." That lot is longer than the other, and twelve feet east of its center, and east of the east end of the south lot, was a fence which extended from north to south across the Eastman lot, dividing it into two parts. The west part and the south lot were inclosed by a fence, as one tract. On or about the twentieth day of the month named, for a consideration of eight hundred and fifty dollars, Mrs. Owens executed and delivered to the plaintiff a deed for the south lot. He contends that the agreement of purchase included that lot and the part of the north lot west of the division fence described, or, in other words, all of the two lots inclosed as one tract; that he supposed, when the deed was delivered to him, that it conveyed all of the premises he had purchased; and that he did not learn that such was not the case until several weeks after he had received it. He asks that the defendants be required to convey to him all the land included in the agreement, and for general equitable relief. The defendant, Mrs. Owens, denies that more land was contracted for than was conveyed, and defendant, A. S. Owens, alleges that he is the husband of Mrs. Owens, and, as such, has an interest in the land, and that he has not sold, or authorized the sale of that interest. The district court dismissed the petition at the cost of the plaintiff.

Hicks & Herrick were engaged in the real estate business at Monticello, and at one time were agents of Mrs. Owens for the sale of her property. The plaintiff claims that on the day of the sale, and but a short time before it was effected, the senior member of that firm pointed out to him the south lot, and the part of the north lot inclosed with it, as the premises Mrs. Owens desired to sell; that he accompanied her to the place; and that she then pointed to the land inclosed with the buildings, and said she was selling all. A woman who lived on an adjoining lot, saw them together, heard Mrs. Owens tell him that the place extended from fence to fence. After the sale, another witness heard her say she had sold her place. Other witnesses claim to have heard her say she had sold all of her property, and that she would not have to pay any more sidewalk tax. Witnesses also testify that, about the time of the sale to plaintiff, she offered all of the premises which he now claims, for the price he paid. It is no doubt true that she offered all of the property in question for sale, not only to plaintiff, but to others, and that she desired to sell it all. She testifies that when they were examining the premises the plaintiff asked her how much she asked for the property, and she answered, "One thousand dollars;" that he afterward asked her the lowest price for the lot with the house on it, and she answered, "Eight hundred and fifty dollars;" that he said he would take it; that she had pointed out to him

about where the division line between the two lots was, and had referred him to Mr. Carpenter, the cashier of a bank of Monticello, for information as to the number of feet he was getting. Much of the testimony relied upon by the plaintiff is not inconsistent with the claim of Mrs. Owens in regard to the property, in view of the fact that she offered it all for sale. He denies that she said anything about there being two lots, and insists that she said she was selling him all the land inclosed with the house. But after the agreement was made, they went to Mr. Carpenter to have the deed drawn. His bank had a mortgage on the south lot, and an abstract of the title to it, and he prepared the description in the deed from the abstract. The plaintiff could read writing and printing in English, but did not examine the abstract of title or the deed. He directed that the deed be recorded. On the material issues of the case, we have little more than the testimony of the plaintiff, on one side, and that of Mrs. Owens, with the deed, on the other. She denies having said that she had sold all her property, and it is not probable that she made such a statement, as it is not claimed by anyone that she sold the east part of the north lot. There is a sidewalk in front of the lots on Angle street, and, if she said after the sale that she would not have to pay any more sidewalk tax, it may be that is some evidence that she had sold all of the property which fronted on that street. Little weight can be given to such a statement, however, as it is not shown that the east end of the north lot may not be subjected to such a tax. The evidence is not of such character as to show the facts in the case beyond question, but we are of the opinion that the plaintiff has failed to overcome the testimony of Mrs. Owens, the presumptions which the deed necessarily raises, and other evidence which tends to support her claims. As the burden of proof is upon plaintiff, he must fail. AFFIRMED.